IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,252-01






EX PARTE JEREMIAH LEOS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2002-CR-4781-W1 IN THE 227TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to 45 years' imprisonment. The Fourth Court of Appeals affirmed his conviction in an
unpublished opinion. Leos v. State, No. 04-03-00336-CR (Tex. App.--San Antonio, delivered
February 2, 2005, no pet.). 

 Applicant contends, inter alia, that the State engaged in misconduct in obtaining his
conviction. Specifically, he contends that the prosecutor coerced a witness to testify untruthfully. 
Applicant has provided an affidavit from this witness in which she recants her testimony identifying
Applicant as the assailant and in which she states that the prosecutor threatened her if she did not
testify as directed. The trial court finds that this claim was available at trial and on direct appeal but
that Applicant failed to raise it. Thus, the trial court concludes that the claim is procedurally barred. 
This Court, however, needs additional information before it may reach a decision.

 Applicant contends that his mother was contacted by the witness in February 2004, which
was approximately ten moths after the date of the judgment, and Applicant has provided an affidavit
dated December 22, 2005 (notarized on January 30, 2006). Thus, it appears from the record
provided to this Court that the prosecutorial misconduct claim may not have been available at the
time of trial and appeal. The trial court, therefore, shall make additional factual findings as to when
this claim was available and whether it is now procedurally barred from review. The trial court shall
also make factual findings regarding the credibility of the witness's allegations and whether, if the
allegations are found credible, the misconduct resulted in Applicant being denied a fair trial.

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id. If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 In addition to the factual findings ordered to be made, the trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief. The trial court shall also supplement the record with any
documents that support its findings and conclusions.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 30, 2006

Do not publish